IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SIMEON ESPARZA, JR., | ) | CASE NO. 3:06 CV 1690 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JEFFERY WOLFE, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se*[2] petition of Simeon[3] Esparza, Jr. for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.[4] Esparza is now incarcerated at the Allen

Correctional Institution[5] serving a seven-year sentence, with five years mandatory, imposed

---

[1] ECF # 3.

[2] The petition was filed *pro se*, but the petitioner subsequently acquired counsel who has made an appearance (ECF # 12) after Esparza *pro se* filed his traverse. Retained counsel has filed nothing in this matter beyond a notice of appearance.

[3] This Court's docket lists the petitioner's first name as "Simeon." However, the State records, including the petitioner's own signature on documents contained therein, give his first name as "Simon." In the interest of consistency with this Court's docket, he will be referred to here as Simeon.

[4] ECF # 1.

[5] ECF # 13. Esparza was originally in custody at Noble Correctional Institution and relocated to Allen in February, 2007.

after pleading guilty in Defiance County, Ohio Common Pleas Court to one count of possession of cocaine and one count of aggravated possession of drugs (methamphetamine).[6]

In his two grounds for federal habeas relief, Esparza contends:  (1) that his guilty plea should be voided because he was not advised then of his right to appeal nor of his right to appointed appellate counsel; and (2) that his greater-than-minimum and consecutive sentence should be voided because it violates *Blakely*.[7]  The State, in response, argues: (1) that ground one is without merit because Esparza was informed of his right to appeal and to have appointed counsel on appeal by both the trial court and his trial counsel;[8] and (2) that any *Blakely* error in the sentence was harmless.[9]

For the reasons that follow, I recommend denying Esparza's present petition for habeas relief.

---

[6] ECF # 1 at 2.  Beyond what Esparza relates as to his sentence in this petition, the State record shows that his sentence also provides that he is to be subject to three years of post-release control which  may be imposed following the completion of his prison term. *See*, ECF # 14 (Amended State Record) at 33.

[7] ECF # 1, Attachment 1-2.

[8] ECF # 6 at 12-15.

[9] *See*, *id.* at 23.

# Facts

## A.     Underlying offense/guilty plea

In July, 2004, Esparza was indicted by the Defiance County Grand Jury on one count of possession of cocaine of between 100 and 500 grams.[10]  In October, Esparza was again indicted by the same grand jury on one count of possession of crack cocaine and one count of aggravated possession of drugs (methamphetamine).[11]  On the motion of the State, these cases were consolidated for trial.[12]

Prior to the commencement of trial, Esparza, through counsel, agreed to a deal with the State.  In the arrangement, Esparza would plead guilty to one count of possession of cocaine as charged in the first indictment and one count of aggravated possession of drugs as charged in the second indictment, while, in return, the State would dismiss the remaining count of possession of crack cocaine, recommend a total sentence of seven years, five years mandatory, and further agree not to contest a motion for judicial release filed by Esparza after serving the five-year mandatory sentence, provided that Esparza had no major problems in prison.[13]

---

[10] ECF # 14 (state court record) at 1.

[11] *Id.* at 2.

[12] *Id.* at 3.

[13] *Id.* at 10-11.

At the plea colloquy, the trial judge specifically addressed the issue of appellate rights as follows:

> The Court:     In a case like this, ***you have the right to appeal to a higher court, the right to a lawyer on appeal, including a court appointed lawyer if you cannot afford to pay one.*** You still have the right to appeal but, as a practical matter, if you enter these pleas of guilty and admit that the charges are true, it's going to be hard to convince the court of appeals that we've made a mistake here.  You should not rely on your right to appeal to get you out of this trouble if you're entering guilty pleas.  You understand that?

> The Defendant: Yes, Your Honor.

> The Court:     You may also ***have the right to appeal the sentence the Court imposes if the Court failed to follow the sentencing guidelines that the legislature has set up.*** Even if you were successful in that kind of appeal, it would not affect whether you were guilty or not guilty of these crimes, only what the punishment was.  Also, because there is a specific sentence recommendation that is a part of the plea proposal, if the Court chooses to follow that recommendation, it is unlikely that the court of appeals would change that on appeal because it was part of the plea discussions.  You understand that?

> The Defendant: Yes, Your Honor.[14]

Upon the conclusion of the plea colloquy, during which the trial judge specifically noted that the court was not bound to accept the sentence recommendation that was part of the plea negotiations,[15] the trial judge accepted Esparza's guilty plea and set the matter for

---

[14] *Id.* at 19-20 (emphasis added).

[15] *Id.* at 20-21.

-4-

sentencing, with sentence to be imposed following the court's consideration of a pre-sentence report.[16]

At the sentencing hearing, the trial judge initially took note of Esparza's "horrendous juvenile record,"[17] as well as the inventory of things seized in the search of Esparza's home.[18] The inventory list from the search, according to the trial judge, undercut Esparza's claim that he had simply "stashed [the drugs] in a closet at his home [for a friend],"[19] revealing, instead, the presence in Esparza's home of drug pipes, numerous small plastic bags with white powdery residue, a scale, inostiol powder used to "cut" or dilute cocaine, a spoon with white residue and a knife with white residue.[20]  Based on this inventory, the trial judge stated that, "the circumstances here indicate that [Esparza] was intimately and significantly involved with major drug trafficking.... I mean, he was clearly up to his neck in serious drug trafficking."[21]

However, despite noting these elements from the search inventory, the trial court went on to say that he would accept the recommended sentence arrived at during the plea negotiations.  In accepting the recommended sentence, the trial judge stated that he would

---

[16] *Id.* at 26-29.

[17] *Id.* at 42.

[18] *Id.*

[19] *Id.* at 43.

[20] *Id.* at 43-44.

[21] *Id.* at 45.

also "independently arrive" at the same sentence contained in the plea agreement based on the court's review of the facts and circumstances shown by the pre-sentence report.[22]  In the end, Esparza was sentenced to seven years in prison, five years mandatory – precisely the terms he bargained for in the plea agreement.

At the conclusion of the sentencing hearing, the trial court revisited, on the record, the subject of appellate rights, stating:

> As you were previously advised, you have a right to appeal in a case of this nature.  As I previously expressed to you, by tendering pleas of guilty and admitting that the charges are true, that significantly limits, uh, the chances of success on appeal.
>
> You also have the right to appeal the sentence that court imposes if the court fails to follow the sentencing guidelines or is determined to have failed to follow the sentencing guidelines that the legislature has set up.  Even if you were successful in that kind of appeal, it would not affect whether you were guilty or not guilty of the crimes, rather, only what the punishment was.
>
> As you were also previously advised, in the event that the court chose to follow the state's sentence recommendation, as of course has occurred, it is unlikely that the court of appeals would change that, uh, since it was part of the plea negotiation.  That does not, however, affect the right you have to pursue an appeal.  Do you understand that?[23]

Esparza responded, "Yes, Your Honor."[24]  The court thereupon imposed the sentence agreed upon in the plea negotiations on Esparza.[25]

---

[22] *Id.*

[23] *Id.* at 49-50.

[24] *Id.*

[25] *Id.* at 31-34.

Two days after the sentence was imposed, Esparza's trial attorney sent Esparza a written communication, summarizing for Esparza the results in his case.  Specifically, trial counsel noted the sentence imposed and stated, "The Court followed exactly the negotiated plea agreement in this case, and did not increase it in any respect."[26]  However, trial counsel also explicitly told Esparza in this letter that, "[The court] advised you, and I advised you that if you wish to appeal the plea of guilty and/or the sentence imposed on July 15, 2005, you must cause a notice of appeal to be filed in the Defiance County Court of Appeals within thirty (30) days of July 15, 2005, or else you will be foreclosed from filing an appeal."[27]

Esparza's trial attorney then closed his letter with a detailed explanation of Esparza's appellate rights and the procedures to be followed in case Esparza decided to file an appeal and/or to request appellate counsel:

> My representation of you in these cases is now concluded.  If you wish to file the appeal, you must make application to the Court of Common Pleas of Defiance County for appointment of counsel, upon an Affidavit of Indigency, together with a request and notice that you wish to appeal your sentence.  The address of the Court of Common Pleas, Defiance County is: Clerk of Court, Court of Common Pleas of Defiance County, 221 Clinton Street, 3rd Floor, P.O. Box 386, Defiance, OH 43512-0386.  You should address your letter to the Hon. Joseph Schmenk.  The Notice of Appeal, however, must be filed with the Clerk of Court, Court of Common Pleas, 221 Clinton Street, 3rd Floor, P.O. Box 386, Defiance, OH 43512-0386.
>
> If you are going to appeal, Simon, please file your motion for Appointment of Counsel and Your Notice of Appeal prior to August 12, 2005. Please make a copy for yourself and make sure to request that the Clerk return

---

[26] *Id.* at 63.

[27] *Id.*

a file-stamped copy of your Motion for Appointment of Counsel and Notice of Appeal of Sentence to you.[28]

Despite being advised by the trial court twice on the record as to his right to appeal from both his conviction and sentence, and to have counsel appointed for those appeals, and despite being further advised of those same rights in detail and in writing by his trial attorney within days of imposition of the sentence, Esparza did not file a timely notice of appeal from either his conviction or sentence, nor did he timely request the appointment of an attorney for either purpose.

**B.      Delayed appeal**

Nearly four months after the period for timely appeal had lapsed, Esparza, *pro se*, filed identical notices of delayed appeal pursuant to Ohio Appellate Rule 5(A), contesting his conviction and sentence in both cases.[29]  In his identical motions for leave to appeal filed three days later,[30] Esparza argued that he wished to appeal the imposition of a non-minimum term of imprisonment, but that his trial counsel had not consulted with him as to an appeal, thus producing a late filing.  As part of his supporting material, Esparza attached the letter of his trial counsel, quoted earlier, to these motions for leave to file a delayed appeal.

In a brief order, the state appellate court overruled Esparza's motions for leave to file delayed appeals, noting specifically that Esparza's assertions that he had not been told of his

---

[28] *Id.* at 64-65.

[29] *Id.* at 52-57 (possession of cocaine case); 74-77 (aggravated possession of drugs case).

[30] *Id.* at 58-73 (cocaine case); 78-93 (aggravated possession of drugs case).

appellate rights were "not supported by the attachments to his motion."[31]  In that regard, the

Ohio appeals court cited directly to that portion of trial counsel's letter "refer[ring] to the trial

court having advised defendant of his appellate rights,"[32] and further to trial counsel

"specifically provid[ing] instruction for when, where and how to file a notice of appeal and

motion for appointment of counsel."[33]

## C.    Appeal to the Supreme Court of Ohio

Following the denial of his motions for delayed appeal in the two related cases,

Esparza, *pro se*, timely filed identical notices of appeal[34] and jurisdictional memoranda[35] in

both cases. Esparza presented the same four propositions of law in each jurisdictional

memorandum:

1.    Due Process is offended when defendant who plead guilty is kept
      completely ignorant of his appellate rights.  U.S. Const. Amends. V and
      XIV; *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003).

2.    Because a criminal defendant in Ohio has a constitutional right to an
      appeal under Section 3, Article IV of the Ohio Constitution, an accused
      has a right to a remedy from the deprivation of the right to appeal.
      Section 16, Article I, Ohio Constitution; U.S.C.A. [sic] Const.
      Amends. V and XIV.

---

[31] *Id.* at 94.

[32] *Id*.

[33] *Id.* at 94-95.

[34] *Id.* at 98-101 (seeking an appeal in the aggravated possession of drugs case); 125-28
(seeking an appeal in the cocaine case).

[35] *Id.* at 102-24; 129-51.

3.      The sentence is void pursuant [to] the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, under federal law. Thus, Ohio's Sentencing Statutes are unconstitutional. *Apprendi v. New Jersey*, (2000), 530 U.S. 466; *Ring v. Arizona*, (2002), 536 U.S. 584; *Blakely v. Washington*, (2004), 124 S. Ct. 2531; *United States v. Booker*, (2005), 125 S. Ct. 738.

4.      The imposition of a sentence consisting of a prison term exceeding the shortest prison term specified in O.R.C. § 2929.14(A) for the felony offense of conviction [sic] violates the defendant's right to trial by jury [and] to due process under the Sixth and Fourteenth Amendments to the United States Constitution, and the defendant's rights to grand jury presentment under the Fifth Amendment, and Section 16, Article I, of the Ohio Constitution, when the additional facts required by O.R.C. § 2929.14(B) for the imposition of a non-minimum prison term was [sic] not decided by a jury beyond a reasonable doubt.[36]

The Supreme Court of Ohio denied leave to appeal in both cases, dismissing the appeals as not involving any substantial constitutional questions.[37] The record does not show that any petition for a writ of certiorari was filed in either case.

## D.    Federal petition for writ of habeas corpus

Within 60 days of the denial of his leave to appeal in both cases by the Ohio Supreme Court, Esparza, *pro se*,[38] filed the present federal petition for a writ of habeas corpus. In the petition, Esparza posits two grounds for habeas relief:

1.      The conviction and sentence is void pursuant [sic] the Fifth and Fourteenth Amendments under the United States Constitution's Due Process Clause, and pursuant to clearly established federal law. See, *Wolfe v. Randle*, 267 F. Supp. 2d 843 (S.D. Ohio 2003); *Deitz v. Money*, 391 F.3d 804, 810-11 (6th Cir. 2004).

---

[36] *Id.* at 103; 130.

[37] *Id.* at 152-53.

[38] ECF # 1.

2.      The sentence imposed is void pursuant [sic] the Fifth, Sixth and Fourteenth Amendments under the United States Constitution, and clearly established federal law.  *Apprendi*, *supra*; *Blakely*, *supra*; *Booker*, *supra*; *Montgomery*, *supra*; *Foster*, *supra*.[39]

As noted, in the first claim, Esparza contends that his right to due process and to perfect a direct appeal were violated when the trial court and his trial counsel did not advise him of his right to appeal, nor of his right to have appointed counsel for an appeal.  He asserts in the second claim that the imposition of greater-than-minimum and consecutive sentences violated federal law because they were based on facts not found by a jury contrary to *Blakely.*

The State, in response, argues initially that a valid guilty plea waives any right to contest constitutional violations, including violations that preceded the plea.[40]  It maintains that Esparza has never asserted that his plea was invalid by not being knowing and voluntary, so, absent proof of an invalid plea, he cannot now raise an issue of deprivation of his right to notice of appellate rights.[41]  Moreover, the State contends that this ground is without merit. It points to the numerous occasions where the trial court advised Esparza on the record of his appellate rights and his right to appointed counsel on appeal, as well as to the detailed letter on this same subject from Esparza's trial lawyer to Esparza sent immediately after sentencing.[42]

---

[39] *Id.* at 11-12.

[40] ECF # 6 at 12.

[41] *Id*.

[42] *Id.* at 12-15.

As to the second ground for habeas relief, the State maintains that, although this claim was asserted in the delayed direct appeal, no delayed direct appeal ever actually "came into existence" containing this claim because the motion for leave to file this delayed appeal was denied.  Thus, reasons the State, the Ohio Supreme Court's denial of Esparza's motion for leave to appeal the appellate court's denial of his motion to file a delayed appeal must here be construed as the Ohio Supreme Court "implicitly den[ying] the application of *Blakely* to Esparza's sentence."[43]  Then, in effect, the State argues that because there were no United States Supreme Court decisions at the time of this appeal applying *Blakely* to Esparza's situation, the Ohio Supreme Court did not unreasonably apply clearly established federal law by upholding the denial of leave to file the delayed appeal.[44]

## Analysis

**A.    Standards of review**

*1.    Guilty plea*

It is well-settled that a plea of guilty is valid if it is entered voluntarily, knowingly and intelligently.[45]  The determination of whether the plea was valid is made from evaluating the totality of the circumstances.[46]  The state bears the burden of showing that a plea was

---

[43] *Id.* at 24.

[44] *Id.* at 25.

[45] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

[46] *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969).

voluntary, knowing and intelligent.[47]  Customarily, the state meets this burden by producing a transcript of the plea hearing demonstrating that the plea was voluntary, knowing and intelligent.[48]

To be considered a "knowing" plea, the Constitution requires, among other things, that a defendant must be informed of all the direct consequences of the plea.[49]  The maximum possible sentence is a direct consequence of a plea,[50] but neither a conviction's possible enhancing effect on subsequent sentences[51] nor eligibility for parole[52] are direct consequences of a plea.

A federal habeas court considering a challenge to an Ohio sentence imposed pursuant to a plea agreement must give effect to the bargained-for sentence.  As the majority of federal district courts in Ohio have ruled, Ohio law states explicitly that a sentence that is authorized by law and is agreed to by the defendant is protected from appellate review.[53]  In the *Blakely* context, because a *Blakely* claim is premised on the need for a jury to make certain predicate findings to support a sentence, where the parties themselves have agreed to a particular

--------

[47] *Id.* at 242.

[48] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

[49] *Brady v. United States*, 397 U.S. 742, 755 (1970).

[50] *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

[51] *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

[52] *McAdoo*, 365 F.3d at 495.

[53] *See*, *Warren v. Warden*, No. 1:06-cv-534, 2008 WL 1732976, at *16 (S.D. Ohio, April 10, 2008) (citation omitted).

sentence and jointly recommended it to the court, no additional findings are necessary to adopt the recommended sentence and thus no *Blakely* violation occurs in this context.[54] Specifically, because the imposition of an agreed-upon sentence "ar[ises] directly from the plea agreement itself and not any judicially-found facts," there is no *Blakely* violation in this circumstance.[55]

### 2.    *Right to appeal*

Although the Constitution does not require states to grant appeals as of right to criminal defendants, once a state does provide a right of appeal from criminal convictions, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection.[56]  Specifically, the Supreme Court has concluded that the Constitution mandates the appointment of counsel for indigent defendants seeking to appeal from guilty pleas in intermediate state courts of appeals even when such review is discretionary under state law.[57]

---

[54] *Id.*; *accord*, *Rockwell v. Hudson*, No. 5:06-cv-391, 2007 WL 892985, at *7 (N.D. Ohio, March 21, 2007).  "[T]he trial court in this case [of an agreed-upon sentence], did not base the sentence on [impermissible] factual findings, but rather accepted and imposed the jointly recommended sentence which was presented by the parties."

[55] *Warren*, 2008 WL 1732976, at *16.  *But see*, *Friley v. Wolfe*, No. 2:05-cv-396, 2006 WL 3420209 (S.D. Ohio, Nov. 27, 2006).  *Friley*, which has been cited here by Esparza (*see*, ECF # 11) relies, as discussed in *Warren*, on a case which is factually inapposite from Esparza's and further is, as also discussed in *Warren*, "contrary to Ohio and federal case authority." *Warren*, 2008 WL 1732976, at *17.

[56] *Evitts v. Lucey*, 469 U.S. 387, 393 (1985).

[57] *Halbert v. Michigan*, 545 U.S. 605, 616-23 (2005).

-14-

In that regard, it is settled that the Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of that right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel."[58]  In order to be properly informed, "a defendant must be told of his right to appeal, the procedures and time limits involved with proceeding with that appeal, and the right to have appointed counsel for that appeal."[59]  A petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of these rights.[60]  However, a court's failure "to advise the defendant of his right to appeal does not entitle [the defendant] to habeas relief if he knew of his right and hence suffered no prejudice from the omission."[61]

## 3.  *"Deferential" review*

Where, as here, the final state court decision on the petitioner's constitutional claims is an unreasoned denial by the Supreme Court of Ohio for "lack of a substantial constitutional question,"[62] the federal habeas court must determine the appropriate standard of review to utilize in examining the claims the state court has not specifically addressed.  As was

---

[58] *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001).

[59] *Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003) (citations omitted).

[60] *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974).

[61] *Peguero v. United States*, 526 U.S. 23, 24 (1999).

[62] The state appeals court, it will be recalled, did not reach the merits of the constitutional issues presented in Esparza's delayed appeal because it denied the motion for leave to file that delayed appeal on the grounds that Esparza had shown no basis for excusing non-compliance with the time requirements for filing.  The claims themselves were raised to the Ohio Supreme Court which, as noted, dismissed the appeals as not involving a substantial constitutional question.

discussed at some length recently by this Court,[63] there are three alternatives in this situation: deferential review as provided for by 28 U.S.C. § 2254(d); *de novo* review; and the "intermediate standard."[64]

The *Cobbin* court, after a thorough review of Sixth Circuit cases and reasoning, concluded that where the final state court decision is "an unreasoned disposition,"such as the Ohio Supreme Court's decision to dismiss the appeal for want of a substantial constitutional question, the federal habeas court should review the constitutional claim pursuant to "intermediate review."[65]

As outlined by the Sixth Circuit in *Howard v. Bouchard*,[66] the intermediate approach – falling between *de novo* review and deference – requires the federal habeas court to "conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented."[67]  The Sixth Circuit has emphasized that this intermediate standard is less than *de novo* review and retains some element of deference because "the

---

[63] *Cobbin v. Hudson*, No. 1:05-cv-2809, 2008 WL 552484 (N.D. Ohio, Feb. 26, 2008).

[64] *Id*., at *15 (citations omitted).

[65] *Id.*

[66] *Howard v. Bouchard*, 405 F.3d 459, 467-68 (6th Cir. 2005).

[67] *Id.*

[federal habeas] court cannot grant relief unless the state court's result contradicts the strictures of AEDPA."[68]

## B.    Application

### 1.    Esparza's first claim for relief – that he was never advised of his right to appeal nor of his right to appointed counsel on appeal – should be denied because, after a full independent review of the record and the applicable law, the decision of the Ohio Supreme Court to deny this claim on appeal does not "contradict the strictures of AEDPA."

In reviewing the record here, as was done during the presentation of the facts in this report, I note first the numerous times that the trial court, on the record, specifically advised Esparza of his right to appeal and to have counsel appointed for an appeal, and note further the detailed letter sent by Esparza's trial counsel to Esparza right after sentencing that also painstakingly detailed Esparza's right to appeal and the process for doing so – including providing the necessary addresses for filing the notice of appeal and for requesting counsel. It's unclear how Esparza could have been better informed as to his appellate rights than he was in this case.  Moreover, the record here is explicit that Esparza himself twice responded on the record that he understood his right to an appeal and his right to appointed counsel on appeal after these rights were explained to him during the plea colloquy with the state trial judge.[69]

---

[68] *Id.*; *accord*, *Sales v. Wilson*, No. 5:05-cv-2716, 2007 WL 4365400, at *7 (N.D. Ohio, Dec. 10, 2007) ("The gist of circuit precedent is that when there is a decision, deference is accorded under § 2254(d) to the state court decision under the "intermediate approach.").

[69] *See*, ECF # 14 at 19, 49-50.

These facts show clearly that Esparza was not denied notice of his appellate rights by either the trial court or his trial attorney.[70] Accordingly, I recommend that ground one be denied as without merit because, after a full independent review of the record and the applicable law, the Ohio Supreme Court's decision denying this claim did not contradict the strictures of 28 U.S.C. § 2254(d).

**2.     *Ground two – which asserts that Esparza's greater-than-minimum and consecutive sentence violates Blakely – should be denied as without merit because Esparza agreed to this sentence as part of his plea bargain and thus the Ohio Supreme Court's decision denying this claim did not contradict the strictures of 28 U.S.C. § 2254(d).***

As noted in the review of the record, Esparza, as part of his plea agreement, bargained for precisely the sentence that the state recommended to the trial judge and precisely the sentence that the trial judge imposed.  Although the trial judge did take note at the sentencing hearing of parts of the pre-sentence report which, in the court's estimation, would have

---

[70] Esparza's own statement that he did not know that he had a right to appeal or the right to counsel on appeal until he researched the matter in the Noble Correctional Institution's prisoner law library (ECF # 1 at 4) is, as evidenced by this record, simply not credible.  However, as an examination of another habeas case filed by a fellow prisoner incarcerated at Noble at the same time as Esparza reveals, it is not inconceivable that what Esparza did discover during his research at the prisoner law library was another prisoner, also convicted on a drug offense, with whom he may have worked to draft nearly identical claims based on purported failure to inform a defendant of appellate rights grounded on *Randle*.  Both Esparza and his fellow inmate at Noble, without any factual foundation whatsoever in their own cases, tried to assert this same claim in their federal habeas petitions.  *See*, *Warren*, 2008 WL 1732976 (2006 federal habeas claim from prisoner at Noble filed five weeks after Esparza's and alleging the same claim citing to the same cases; claim also denied because record in Warren's case, as here, clearly showed that the petitioner knew his appellate rights, having signed two written plea agreements containing statements of appellate rights and acknowledged those rights in transcript of sentencing hearing).

required something more than a minimum sentence,[71] the trial judge then stated on the record that "this is a negotiated plea and I'm aware that the State has a variety of reasons for making their recommendation but I certainly think the State's recommendation shows substantial consideration for the Defendant and more than adequately addresses the mitigating factors that you [defense counsel] raised."[72]  The trial court then imposed the agreed-upon sentence while also noting, as an alternative ground for its decision, that it would have independently reached the same conclusion.[73]  The court re-emphasized that it was imposing the agreed-upon sentence at the end of the sentencing hearing.[74]

Accordingly, the review of the record makes it clear that Esparza received exactly the sentence he bargained for as part of his plea agreement.  As such, there can be no *Blakely* violation because the trial court did not base the sentence on its own factual findings, but imposed the sentence agreed to by Esparza.  The fact that the trial judge chose to venture an alternative ground for the sentence that did involve consideration of elements of the pre-trial report does not change the fact, clear on the record, that the sentence imposed here "arose

---

[71] ECF # 14 at 45.

[72] *Id.*

[73] *Id.*  "The Court *will find* the [sentencing] recommendation appropriate based on all the facts and circumstances and the Court *would independently arrive* at that conclusion not relying solely on the negotiated agreement but, rather, [that] the facts and circumstances demonstrate that the minimum terms would demean the seriousness of the conduct and not adequately protect the public...."  (Emphasis added).

[74] *Id.* at 50.  "As you were previously advised, in the event the Court chose not to follow the State's sentence recommendation, *as of course has occurred....*"  (Emphasis added).

directly from the plea agreement itself and not any judicially found facts,"[75] thus precluding any finding of a *Blakely* violation.

For these reasons, I recommend that ground two of Esparza's petition be denied inasmuch as, after a full and independent review of the record and applicable law, the decision of the Ohio Supreme Court to deny this claim in an unreasoned decision did not contradict the strictures of 28 U.S.C. § 2254(d).

## Conclusion

For the foregoing reasons, I recommend that the present petition of Simeon Esparza for habeas relief be denied.

Dated:   September 12, 2008                          s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[76]

---

[75] *Warren*, 2008 WL 1732976, at *16.

[76] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).